IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEIDRE MAURINO,

    Plaintiffs,

vs.                                                                               No. 1:25-cv-00033-LF-JHR

CITY OF RIO RANCHO
FIRE & RESCURE, et al.,

    Defendants.

## **ORDER**

THIS MATTER is before the Court on plaintiff Deidre Maurino's motion to remand this employment case back to New Mexico state court and for an order requiring defendants to pay attorney's fees and costs under 28 U.S.C. § 1147(c). Doc. 5. After reviewing the parties' briefing and the relevant law, I grant the motion in part and deny it in part.

Ms. Maurino's request to remand this case back to the Sandoval County District Court is granted. "An action is removable" under 28 U.S.C. § 1441(a) only "if the federal district court has original jurisdiction over the matter"—for example, federal-question jurisdiction under 28 U.S.C. § 1331. *Wallace v. Cooper*, No. 1:18-cv-00768-SCY-KBM, 2019 WL 1208550, at *2 (D.N.M. Mar. 14, 2019). A complaint triggers federal-question jurisdiction only if it "raises questions of federal law." *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Ms. Maurino's complaint does not raise questions of federal law. She brings three claims under only New Mexico state law: employment discrimination under the New Mexico Human Rights Act (Count I); New Mexico Wage Payment Act and New Mexico Minimum Wage Act ("Wage Acts") violations (Count II); and New Mexico Whistleblower Protection Act violations (Count III). Doc. 1-1 at 12–14. Her passing references to her administrative charge "cross filed" with

the U.S. Equal Employment Opportunity Commission and to a "violation of Federal and State law" in her Wage Acts claim are not enough to trigger federal-question jurisdiction. *Id.* ¶¶ 8, 103; *e.g.*, *Ambrose v. Grindell & Romero Ins.*, No. 2:17-cv-00681-MV-SMV, 2018 WL 1033201, at *4 (D.N.M. Feb. 23, 2018) ("[R]eferencing federal law in a pleading that otherwise explicitly asserts only state-law claims does not confer federal-question jurisdiction."), *PFRD adopted*, 2018 WL 1357368 (D.N.M. Mar. 15, 2018). This case therefore is remanded to state court.

Ms. Maurino's request for fees and costs is denied. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1147(c). The decision to shift fees and costs is discretionary and "turn[s] on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Removal was reasonable here. In her complaint, Ms. Maurino chose to discuss her administrative charge, which expressly references a "violation of Title VII," Doc. 9-1 at 4; *see* Doc. 1-1 ¶ 8, and I cannot conclude that defendants acted unreasonably by seeking clarity about the nature of Ms. Maurino's claims by pursuing removal, particularly given New Mexico law's liberal "notice pleading" and amendment standards, *see, e.g.*, *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶¶ 15–16, 335 P.3d 1243, 1248 (holding that "general allegations of conduct are sufficient" for notice pleading (citation omitted)).

IT IS THEREFORE ORDERED that:

(1) Ms. Maurino's motion to remand and for attorney's fees and costs (Doc. 5) is GRANTED in part and DENIED in part.

(2) The motion is GRANTED in part in that this case is REMANDED to the District Court for Sandoval County, New Mexico, Thirteenth Judicial District. The Clerk is directed to

"transmit to the state court administrator or appropriate official" the "court file and a certified copy of [this] order of remand." D.N.M.LR-Civ. 81.1(b).

    (3) The motion is DENIED in part in that I decline Ms. Maurino's request for attorney's fees and costs under 28 U.S.C. § 1147(c).

    IT IS SO ORDERED.

                                        _____
                                        Laura Fashing
                                        United States Magistrate Judge
                                        Presiding by Consent